**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
By:  Drake P. Bearden, Jr., Esquire
Attorney PA I.D. 308035
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100 x 3050
Facsimile: (856) 702-6640
dbearden@lawjw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA SHOWELL, | : |
| *Plaintiff,* | : CIVIL ACTION NO. |
| v. | : |
| THE UNIVERSITY OF PENNSYLVANIA | : |
| | : **COMPLAINT WITH JURY DEMAND** |
| *Defendant(s)* | : |

Plaintiff, Donna Showell, residing in the Commonwealth of Pennsylvania, by way of Complaint against Defendant, says:

### **INTRODUCTION**

Plaintiff brings this suit against Defendant the University of Pennsylvania alleging that Defendant discriminated against her race in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA").[1]

---

[1] Plaintiff will amend her complaint to add the PHRA claim when the mandatory one-year period since filing her EEOC and PHRA claim expires.

## PARTIES

1. Plaintiff Donna Showell was, at all times relevant herein, an individual residing in the Commonwealth of Pennsylvania and a former employee of Defendant.

2. Defendant was, at all times relevant herein, a corporation operating in the State of Pennsylvania, with offices located at 600 Franklin Building, 3451 Walnut Street, Philadelphia, PA 19104.

## JURISDICTION

3. This action is brought pursuant to Title VII. Jurisdiction is founded on 28 U.S.C. §§1331 and 1343(3) and the aforementioned statutory provisions.

4. Jurisdiction lies under any state laws claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. §1367.

5. The amount in controversy exclusive of interests and costs exceeds the minimum required amount of $75,000.

## VENUE

6. The claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involved a defendant who resides within the jurisdictional limits. Venue is accordingly invoked according to the dictates of 28 U.S.C. §1391(b) and (c).

7. On May 8, 2023, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination against Defendant.

8. Plaintiff dual filed that complaint with the Pennsylvania Human Relations Commission.

9. On November 17, 2023, the EEOC issued Plaintiff a Right to Sue letter.

**PLAINTIFF'S ALLEGATIONS**

10. Plaintiff began working for Defendant in 2000.

11. Plaintiff currently works in the position of Director of Recruitment Services.

12. On or around January 31, 2020, Plaintiff's supervisor at the time, Jack Heur, sent out a message promoting eight employees to the position of Director, including Plaintiff.

13. Heur is a White man and his job title at the time was the Senior Vice President of Human Resources.

14. In addition to Plaintiff, two White women were also promoted to director positions.

15. Their names were Nicole Torsella Harris and Rhonda Cates.

16. Plaintiff was more senior, experienced and qualified for the job than both Harris and Cates.

17. Harris began working for Defendant in 2013.

18. In that year, Harris applied for the position of Executive Recruiter.

19. Harris did not meet the requirements for the position, and a more qualified Black woman, Kimberly Douthit, also applied for the position.

20. Despite her inferior qualifications, Defendant hired Harris for the position.

21. Heur and the Senior Vice President and Chief of Staff, Greg Rost, insisted Defendant hire Harris.

22. After Defendant hired Harris, Plaintiff was responsible for training Harris.

23. It is Plaintiff's understanding that Harris earned a salary comparable to Plaintiff's despite the fact Plaintiff was more experienced, more qualified and had more seniority than Harris.

24. Defendant hired Cates in 2017.

25. In 2020, Defendant promoted Cates to the position of Director of Human Resources and Finances.

26. Defendant then promoted Cates again to the position of Executive Director.

27. That position was never posted.

28. Cates earned more than Plaintiff despite the fact Plaintiff is more experienced, more qualified and has more seniority than Cates.

## LEGAL AVERMENTS

29. Plaintiff is a member of a protected class under Title VII as a Black woman.

30. Plaintiff was also subjected to adverse employment actions as listed above, which included, but were not limited to, being denied raises, promotions and being paid less than her less senior, less qualified White coworkers.

31. A determinative or motivating factor in the adverse employment actions Defendant took against Plaintiff was Plaintiff's membership in the protected categories as outlined in this Complaint.

32. The discrimination was purposeful, intentional and willful, and was either undertaken by members of upper management or members of upper management were willfully indifferent to the discrimination.

33. Because the discrimination was intentionally egregious and because members of upper management either participated in the discrimination or were willfully indifferent to the discrimination, punitive damages are warranted.

34. As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer economic and non-economic harm.

## COUNT I
## DISCRIMINATION BASED ON RACE UNDER TITLE VII

35. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

36. Plaintiff was subjected to discrimination based on race that had an adverse effect on her employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

37. Plaintiff requests the following equitable remedies and relief in this matter:

   a. Plaintiff requests a declaration by this Court that the practices contested herein violate Federal and State law as set forth herein.

   b. Plaintiff requests that this Court order the Defendant to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

   c. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

   d. Plaintiff requests that the Court order the Defendant to alter its files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

e. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, PC**

By: */s/ Drake P. Bearden, Jr.*
Drake P. Bearden, Jr.

Dated:  February 14, 2024

## DEMAND TO PRESERVE EVIDENCE

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.


*s/ Drake P. Bearden, Jr.*
Drake P. Bearden Jr.
Attorneys for Plaintiff

Dated: February 14, 2024


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.


*s/ Drake P. Bearden, Jr.*
Drake P. Bearden Jr.
Attorneys for Plaintiff