IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA SHOWELL, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE UNIVERSITY OF PENNSYLVANIA, | : | NO. 24-664-KNS |
| | : | |
| Defendant. | : | |

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

**I.    Basic Information**

Names of counsel for Plaintiff(s) who will participate in the Rule 16 Conference: Drake P. Bearden, Jr., Esq.

Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:

Meredith S. Dante (lead counsel for Defendant); Elliot I. Griffin

For each party, does counsel have full authority to settle this case at the Rule 16 Conference? (see below)

If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

**For Plaintiff**: Drake P. Bearden, Jr., Esq.

**For Defendant**: Jennifer Blum Feldman, Esq., Associate General Counsel

Date parties held the Rule 26(f) Conference: April 9, 2025

Please check off all that apply:

[ x ]   Jury Trial Requested              [ ]   Non-Jury Trial Requested

[ ]   Magistrate referral requested       [ ]   Arbitration

### II.    Discussion of Claims, Defenses, Relevant Issues, and Likely Motions

Please specify the basis for federal jurisdiction in this case, and discuss whether the parties contest jurisdiction or venue. Briefly summarize the central claims and defenses—you can assume that the court is familiar with the pleadings. Importantly, parties should outline facts and issues necessary to understanding potential motions or discovery issues. **Parties should also attach critical documents to this report for the court to review ahead of the Rule 16 Conference**.

#### A. Jurisdiction and Venue

Basis of jurisdiction:  Jurisdiction is founded on 28 U.S.C. §§1331.

Do the parties contest subject matter jurisdiction, personal jurisdiction, or venue? No.

#### B. Claims

Plaintiff alleged Defendant discriminated against her race in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA").

#### C. Relief Requested and Amount in Controversy

Plaintiff is seeking compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just. The amount in controversy exceeds the statutory requirement of $75,000.

#### D. Defenses

Penn has not discriminated against Ms. Showell with respect to her compensation on the basis of her race or any other protected characteristic. Indeed, Ms. Showell is a well-compensated Director-level employee. Penn reclassified her to a Director-level position at the end of 2020. Thus, it appears her complaint is chiefly that others who she views as less qualified than her were similarly reclassified. Penn has reviewed Ms. Showell's compensation as compared to others in her department and the external market three times since 2017, and each time found Ms. Showell is paid an above-market salary for someone in her position. Finally, the employee about whose salary Ms. Showell complains is not similarly situated to Ms. Showell, nor is she a white woman, as alleged in the Complaint.

### E. Amending Pleadings

Do the parties need a deadline to amend pleadings to add claims or additional parties? The parties' do not anticipate needing to amend the pleadings, but if necessary will do so by May 5, 2025.

If so, propose the earliest practicable filing date. May 5, 2025

### F. Anticipated Motions

List all threshold motions and dispositive motions that each party has already filed or plans to file. For each motion, specify (1) the applicable Rule that forms the basis for the motion, and (2) summarize the issue.

**Proposed timeline for filing dispositive motions:**
- Fed. R. Civ. P. 56, Motion for Summary Judgment. Proposed deadline- October 15, 2025

## III. Discovery

### A. Informal Disclosure

Will initial disclosures listed in Rule 26(a)(1) be complete before the Rule 16 Conference? Yes.

Have the parties formed any other agreements as to timing, form, and scope of informal disclosures *not required* in Rule 26(a)(1)? No.

### B. Formal Discovery

The parties anticipate that discovery should be completed within 120 days of the Rule 16 Conference.

> If the parties anticipate a discovery period exceeding 90 days past the Rule 16 conference date, please explain why: The parties need additional time for discovery due to the summer holiday and vacation schedules and the scheduling conflicts presented at the end of semester.

Do the parties need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions? No.

Does either side anticipate the use of experts? Plaintiff anticipates possibly calling an economic expert. Defendant may utilize an economic expert or any other expert necessitated by discovery as the case proceeds.

> If yes, what is the proposed deadline for expert discovery?[1] September 15, 2025

> Do the parties expect that they will need to depose any expert witnesses? Yes.

> Normally, the court expects all expert reports to be submitted simultaneously. If the parties propose to stagger the production of expert reports, please explain why: If Plaintiff retains an expert, Defendant proposes to stagger the production of expert reports to allow its expert to respond to any claims and assumptions presented in Plaintiff's report.

Note that Judge Scott expects that the parties will reach an agreement on how to conduct electronic discovery. If the parties cannot reach an agreement before the Rule 16 scheduling conference, the court will enter an order incorporating default standards. The default order can be viewed at Judge Scott's Judge's Info webpage (link). The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference, and parties must come to the Rule 16 conference prepared to address e-discovery.

Please identify any other anticipated discovery issues that should be addressed at the Rule 16 Conference, including: N/A
- claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D);
- limitations on discovery or protective orders needed; and

---

[1] Note that Judge Scott's policies and procedures require that parties file all expert reports and CVs at least seven (7) days before a final pretrial conference.

- any disputes regarding electronic discovery or agreements regarding electronic discovery that deviate from the court's standard order.

### IV. Settlement or Early Resolution

The parties must familiarize themselves with Local Rule 53.3 before responding.

What is the outcome of the parties' discussions about early resolution through alternative dispute resolution (ADR) or mediation?  The parties have already exchanged settlement offers and are interested in ADR or mediation.

What is the outcome of the parties' discussions about proceeding before a Magistrate Judge for final disposition?[2]  The parties agree to participate in a settlement conference facilitated by a magistrate judge.

Is a settlement conference likely to be helpful? Yes.

### V. Trial Date

A firm date will be scheduled at or shortly after the pre-trial conference. Please either list below or come to the Rule 16 Conference ready with any dates in the three (3) to nine (9) months following the Rule 16 Conference date that present irreversible scheduling conflicts for counsel or the parties. Irreversible scheduling conflicts include pre-paid vacation and planned medical or family leave.

The parties will provide a list of scheduling conflicts during the Rule 16 Conference.

### VI. Other Matters

Discuss any other matters not addressed above that parties would like to discuss at the Rule 16 Conference.

---

[2] Magistrate Judges are authorized, with agreement of the parties, to try any civil case, jury or non-jury, with appeals filed directly with the Court of Appeals.

/s/ *Drake P. Bearden, Jr.*

_____

Drake P. Bearden, Jr.


/s/ *Elliot Imani Griffin*

_____

Elliot Imani Griffin
Meredith S. Dante.